UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURICE EDWARD CAMPBELL, | ) | 1:10-cv-01914-OWW-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION RE: |
| | ) | RESPONDENT'S MOTION TO DISMISS |
| v. | ) | THE PETITION (Doc. 35) |
| | ) | |
| I. D. CLAY, Warden, | ) | ORDER DIRECTING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on May 20, 2009, in the United States District Court for the Northern District of California.[1] (Doc. 1).

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the

1

1   On November 25, 2009, Respondent filed a motion to dismiss the petition as untimely. (Doc. 11).
2   On January 25, 2010, Petitioner filed an opposition that, as in this case, argued both the merits of his
3   claim and that Respondent was barred by the doctrine of estoppel from claiming untimeliness. (Doc.
4   13). On March 29, 2010, Respondent filed a response to Petitioner's opposition. (Doc. 21). On
5   August 2, 2010, without ruling on the motion to dismiss, the Northern District transferred the case to
6   this Court. (Doc. 23). On October 13, 2010, the case was received by this Court. (Doc. 24).

7   On October 29, 2010, this Court ordered Respondent to file a response. (Doc. 28). On
8   December 28, 2010, Respondent filed the instant motion to dismiss the petition as untimely, re-
9   asserting the same arguments as Respondent had raised previously. (Doc. 35). On April 25, 2011,
10  Petitioner filed his opposition, also re-asserting his same defenses and contentions as previously
11  made in the Northern District. (Doc. 42). On May 3, 2011, Respondent filed a reply to Petitioner's
12  opposition. (Doc. 43).

13  Petitioner contends that Respondent's policy of denying a time-credit waiver to Petitioner and
14  those similarly situated denied him the equal protection of the law. In order to appreciate the context
15  in which this claim is presented, it is important to briefly discuss the procedural history of the federal
16  petition preceding the instant one.

17  On July 20, 2008, Petitioner filed a federal petition in the United States District Court for the
18  Northern District of California, case no. C 08-3725-RMW. (Doc. 1, p. 40). In that petition,
19  Petitioner contended that Respondent had violated his equal protection rights by denying him the
20  opportunity to participate in earning work training credits to reduce his sentence pursuant to Cal.
21  Pen. Code §§ 2933 and 2934. (Id.). Respondent filed a motion to dismiss the petition. (Id.). In that
22  motion, Respondent divided Petitioner's claims into three parts: (1) denial of participation in the
23  Bridging Education Program (claim one); (2) denial of ability to earn day-for-day credits in a credit-
24  earning assignment (claim two); and (3) denial of participation in other credit-earning assignments
25  by not accepting petitioner's waiver pursuant to California Penal Code § 2934 (claim three). (Id.).

26  _____

27  running of the statute of limitation. Petitioner's Proof of Service references May 2009, but contains no specific date. (Doc.
    1, p. 56). However, Petitioner signed the instant petition on May 20, 2009 at several points in the petition. (Doc. 1, pp. 7;
28  12; 18). Therefore, giving Petitioner the benefit of every doubt, the Court will assume that the earliest possible date
    Petitioner could have handed the petition to prison authorities was May 20, 2009.

In the motion to dismiss, Respondent contended that claims one and two were untimely and that claim three was unexhausted. (Id.). The district court agreed and dismissed the petition. (Doc. 1, pp. 44-45). In so doing, the Court expressly refused to rule on Respondent's belated contention that claim three was also untimely. (Id., p. 41, fn. 2). Subsequently, Petitioner filed a state habeas petition in the California Supreme Court to exhaust claim three, which was denied by the state high court on May 13, 2009. (Doc. 35, Ex. 2). As mentioned, this petition was filed on May 20, 2009.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on May 20, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The documents submitted by Respondent establish that Petitioner was convicted on January 24, 2003, in the Superior Court of the County of Los Angeles, of one count of first degree residential burglary, Cal. Pen. Code § 459, plus prior conviction enhancements. (Doc. 35, Ex. 1). Petitioner was sentenced to a prison term of eight years for the burglary conviction, plus seven additional years for the prior convictions, for a total sentence of fifteen years. (Id.). Petitioner's direct appeal concluded when the California Supreme Court denied his Petition for Review on May 19, 2004. (Doc. 1, p. 3).

Normally, for purposes of the one-year limitation period, direct review would have concluded on August 17, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). However, in this case, Petitioner is not challenging either his conviction or his sentence. (Doc. 1, p. 6). Rather, he is contending that Respondent has violated his equal protection right by promulgating a discriminatory credit-earning policy that precludes Petitioner from earning "day for day" credits pursuant to California law. (Id., p. 10).

Accordingly, the commencement of Petitioner's one-year limitation period is governed by 28 U.S.C. § 2244(d)(1)(D). As mentioned, under § 2244(d)(1)(D), the one-year limitation period starts on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Hasan v. Galaza, 254 F.3d 1150, 1154, fn. 3 (9th Cir. 2001)(*quoting* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000), not when the factual predicate was *actually discovered* by Petitioner and not when Petitioner came to understand the legal theories available to him or the legal significance of the facts that he discovers. Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004)(*quoting* Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004); see Wims v. United States, 225 F.3d 186, 190, fn. 4 (2d Cir. 2000). It is not necessary for a petitioner to understand the legal significance of the facts; rather, the clock starts when a petitioner understands the facts themselves. Hasan, 254 F.3d at 1154 fn. 3; Owens, 235 F.3d at 359 ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognized their legal significance.")

Because Petitioner alleges that Respondent violated his equal protection rights by failing to endorse his time-credit waiver under California Penal Code § 2934, a brief discussion of California's system of prison credits is necessary in order to fully appreciate when Petitioner knew or through the exercise of reasonable diligence could have discovered the factual basis for this claim.

Prior to 1983, California prisoners received good time credits for good behavior pursuant to California Penal Code § 2931. In 1983, the California Legislature enacted California Penal Code §

5

1  2933, which had the effect of eliminating "good behavior credits for defendants committing crimes
2  on or after January 1, 1983...and substitut[ed] in their place only 'worktime' credits for participation
3  in qualifying programs." People v. Caruso, 161 Cal.App.3d 13, 19 (Ct. App. 1984)(citing Cal. Pen.
4  Code 2933(a)).

5        The 1983 changes resulted in a benefit for inmates convicted of crimes after January 1, 1983,
6  since 2933 permitted eligible prisoners to reduce their sentences by one-half, while 2931 allowed
7  only for a one-third reduction in the sentence. Compare Cal. Pen. Code § 2933 with Cal. Pen. Code
8  § 2931(a). At the same time, Cal. Pen. Code § 2934 created a mechanism by which "a prisoner
9  subject to the provisions of section 2931 may waive in writing such entitlement and opt instead to be
10 subject to the provisions of section 2933." People v. Rosaia, 157 Cal.App. 3d 832, 846 (Ct. App.
11 1984). However, since the intent of § 2934 was to allow prisoners convicted before January 1, 1983
12 to enjoy the same sentence-reduction benefits as those convicted after that date, § 2934 applied only
13 to prisoners "subject to the provisions of Section 2931." Cal. Pen. Code § 2934.

14       Here, Petitioner was convicted after January 1, 1983, and thus he is not within the ambit of §
15 2931; further, because he is not within the ambit of § 2931, he is also not within the ambit of § 2934.
16 Cal. Pen. Code § 2934. Thus, Petitioner is not a state prisoner who may avail himself of the time-
17 credit waiver provided for in § 2934.

18       Accordingly, Petitioner knew, or through reasonable diligence could have discovered, the
19 factual basis for his claim, i.e., whether he was entitled to a time-credit waiver, at the time of his
20 conviction on March 13, 2003. The AEDPA one-year limitation period would have commenced the
21 following day, i.e., March 14, 2003, and would have expired, absent applicable tolling, on March 13,
22 2004.

23       This presumptive date for discovering the factual basis for Petitioner's claim is further
24 supported by Petitioner's own declaration, in which he states, under penalty of perjury, "Since my
25 arrival to CDCR and at the time of the inception of (BEP) in 2003, I have been aware of CDCR's
26 policy which allows selected prisoners to sign a Pen. C. 2934 waiver and thereafter become eligible
27 to participate in (BEP) and to earn day for day credits under Pen. C. 2933 and reduce their sentence."
28 (Doc. 35, Attach 4, pp. 37-38).

As mentioned, the instant petition was filed on May 20, 2009, five years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

In his opposition to the motion to dismiss, Petitioner raises two points. First, Petitioner contends that Respondent is judicially estopped from asserting the AEDPA statute of limitation because, in a prior federal habeas petition in which Petitioner also raised this issue, Respondent argued that the claim should be dismissed because it was not fully exhausted. (Doc. 42, p. 4). Respondent correctly argues that raising exhaustion in one proceeding does not estop Respondent from later arguing, in another proceeding, that the claim is untimely.

"[W]here a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749, 121 S.Ct. 1808 (2001), *quoting* Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555 (1895). Such a rule "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143 (2000). The factors critical to the application of the doctrine of judicial estoppel are: (1) a party's later position must be "clearly inconsistent" with its earlier position; (2) the courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or second court was misled;" and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. at 750-751.

Here, Petitioner meets none of the elements for judicial estoppel. First, exhaustion and timeliness are not "inconsistent." To the contrary, exhaustion and timeliness are entirely separate and independent issues that are in no way inconsistent. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the

state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).  By contrast, the one-year limitation period is contained in an entirely separate section of the United States Code, i.e., 28 U.S.C. § 2244(d)(1), and is not limited in any way by the exhaustion requirements of § 2254(b)(1).   In short, they are not inconsistent doctrines:  A petition may raise claims that are unexhausted and timely, exhausted and timely, unexhausted and untimely, or exhausted and untimely.  The presence or absence of circumstances supporting the application of one doctrine does not in any way restrict the application of the other. The Court is unaware, and Petitioner does not cite, any authority, statutory or case law, for the proposition that the two doctrines are inconsistent or alternative such that a respondent should be required to choose one or the other, but not both, or that such a respondent should be judicially estopped from asserting one after he has already asserted the other.

Second, because the two doctrines are not inconsistent, the Northern District's conclusion that claim three in the prior proceeding was not fully exhausted and must be dismissed does not create a perception that asserting untimeliness in this proceeding indicates that either this Court or the Northern District was deceived.  Indeed, Respondent sought to raise untimeliness as to the instant claim in the prior proceeding but the Northern District declined to address the timeliness issue only because Respondent had not raised it in the original motion to dismiss.

Third, regarding any unfair advantage to Respondent or any unfair detriment to Petitioner, Petitioner was well aware that, in the prior proceedings, Respondent argued that claim three was untimely, and the only reason the Northern District did not address the issue at that time was because Respondent raised that argument in its reply, rather that initially in the motion to dismiss.  Under those circumstances, Petitioner can hardly claim surprise or detrimental reliance upon Respondent's assertion of lack of exhaustion in the prior proceeding.

In his opposition, Petitioner also re-asserts that he was denied equal protection under the federal constitution by virtue of Respondent's policy of either awarding or denying credits to various inmates.  This, however, is not a consideration for the Court in this motion to dismiss.  Petitioner's argument goes to the merits of his claim, i.e., equal protection.  On the motion to dismiss, the Court

is restricted to the issue of whether, in the first instance, the petition itself is timely under the AEDPA. If the claim is untimely, the Court will not reach the merits of the claim. Accordingly, Petitioner's equal protection argument is not relevant to the Court's determination of timeliness.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was

filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner filed one state habeas petition related to the issue raised in the instant petition. That petition was filed in the California Supreme Court on November 10, 2008 and denied by that court on May 13, 2009. (Doc. 35, Ex. 2).

However, any statutory tolling that might otherwise have accrued to Petitioner as a result of the pendency of this state habeas petition was rendered a nullity because the one-year AEDPA limitation period had already expired before Petitioner filed this state petition. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on March 13, 2004, approximately four and one-half years *before* Petitioner filed his state habeas petition on November 10, 2008. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

### D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 26, 2011**                    /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE